IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEDEZHDA NEDASHKOVSKIY,

      Plaintiff,                                    No. CIV S-10-1598 FCD GGH PS

      vs.

FIRST FRANKLIN FINANCIAL CORP., et al.,

                                             FINDINGS & RECOMMENDATIONS

      Defendants.

_____/

      This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). This action was removed from state court on June 23, 2010. In the order requiring joint status report, filed June 24, 2010, plaintiff was advised of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so. Defendants filed an amended motion to dismiss and an amended motion to strike on July 1, 2010. Defendants also filed an amended motion to expunge plaintiff's notice of pendency of action and for attorney's fees and costs on July 27, 2010. Plaintiff did not respond to any of these motions. By orders filed July 21 and September 2, 2010, the hearings on the motions were vacated due to plaintiff's failure to file oppositions.

      Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status

report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 230(c).  More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali.  "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).  Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed.  In sum, the court now has had much experience resolving pro se cases brought for the purpose of delaying the inevitable foreclosure of one's home, with the same result on the merits, that the law does not provide a remedy for this unfortunate situation.

Accordingly, IT IS RECOMMENDED that:

1. This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. Because the complaint fails to state a "real property" claim under Cal. Code Civ. Proc. § 405.31, and plaintiff has failed to establish any "probable validity" to her claims, defendants' amended motion to expunge notice of pendency of action, filed July 27, 2010, (dkt. # 17), be granted.

3. Defendants' request for attorney's fees pursuant to Cal. Code Civ. Pro. § 405.38 (having to do with infringement of lis pendens) be granted in the amount of $573.75,[1] and plaintiff be directed to pay this amount to defendants within 28 days of an order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/15/2010

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Nedashkovskiy1598.41.wpd

---

[1] Defendants are not granted the full amount requested because no hearing was held and a reply was rendered unnecessary by plaintiff's failure to file an opposition.